IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JOHN DUNCAN FORDHAM, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> VS. ) <br> ) <br> GEORGIA DEPARTMENT OF ) <br> ADMINISTRATIVE SERVICES and ) <br> GREAT AMERICAN INSURANCE ) <br> COMPANY ) <br> ) <br> DEFENDANTS ) | CIVIL ACTION <br><br> FILE NO. _____ |

## COMPLAINT

COMES NOW, JOHN DUNCAN FORDHAM, and brings this his complaint against the Georgia Department of Administrative Services and Great American Insurance Company, and in support thereof shows:

1. That the jurisdiction of this Court is being invoked pursuant to 28 U.S.C. § 1331 in that this case involves federal question jurisdiction under Art. 2, Sec. 2, Para. 1 of the Constitution of the United States, and the effect of a Presidential Pardon granted to John Duncan Fordham under Art. 2, Sec. 2, Para. 1 of the Constitution of the United States by President Donald J. Trump. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

1

2. That Defendant Georgia Department of Administrative Services can be served by serving its Commissioner, Rebecca N. Sullivan, at 200 Piedmont Ave., S.E., Suite 1804, West Tower, Atlanta, Georgia 30334.

3. That the Attorney General of the State of Georgia, Mr. Christopher M. Carr, is also being served with a copy of this Complaint at his office located at 40 Capitol Square, S.W., Atlanta, Georgia 30334.

4. That Great American Insurance Company is an Ohio corporation with its principle place of business being at 301 East 4th St., 15th Floor, Cincinnati, Ohio 45202-4201. Its Registered Agent for Service of Process in Georgia is the United Agent Group, Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, Georgia 30066.

5. That the Georgia Department of Administrative Services is given the authority under O.C.G.A. § 50-5-51.1 to assist and coordinate with county departments of health, county departments of family and children services, and community services boards to purchase commercial fidelity bonds for officials, officers and employees of such department and boards.

6. That pursuant to that authority, the Georgia Department of Administrative Services is believed to have purchased a surety bond from Great American Insurance Company providing protection for the Community Service Board of East Central Georgia.

7. That Plaintiff John Duncan Fordham was hired to operate and manage the pharmacy for the Community Service Board of East Central Georgia.

8. That thereafter Plaintiff John Duncan Fordham was convicted in the United States District Court for the Southern District of Georgia of honest services fraud in connection with a criminal action brought in the case of <u>United States of America vs. Robin L. Williams, Charles Michael Brockman, John Duncan Fordham, Matthew Chad Long, Rick Lamar Camp and Fordham, Inc., d/b/a Duncan Drugs</u>, Criminal Case No. 104-051.

9. That following that conviction, an order was entered by the United States District Court for the Southern District of Georgia on November 15, 2005 finding that the Community Services Board and its subrogee, the Georgia Department of Administrative Services, and Great American Insurance Company were co-victims entitled to restitution from the criminal defendants, including John Duncan Fordham and Fordham, Inc.

10. That after being convicted and sentenced for honest services fraud, John Duncan Fordham, appealed his conviction to the United States Court of Appeals for the Eleventh Circuit, which conviction was affirmed, in the case of <u>United States vs. Williams</u>, 219 Fed. Appx. 963 (11th Cir. 2007).

11. That on August 31, 2005, the Honorable Dudley H. Bowen, Jr. entered a final order of forfeiture forfeiting from John Duncan Fordham and Fordham, Inc. the sum of $500,000, all as shown by Exhibit A.

12. That thereafter the United States District Court for the Southern District of Georgia entered an order on November 15, 2005 finding that the co-victims therein were entitled to restitution from John Duncan Fordham and Fordham, Inc., as shown by Exhibit B.

13. That following his conviction, certain of John Duncan Fordham's assets were seized and liquidated by the United States District Court for the Southern District of Georgia, and those proceeds were paid into the Clerk of the United States District Court for the Southern District of Georgia and were disbursed either by the United States Attorney's Office of by the Clerk of the United States District Court for the Southern District of Georgia.

14. That after serving his sentence John Duncan Fordham filed an application for post-conviction relief before the United States District Court for the Southern District of Georgia contending that the decision by the United States Supreme Court in the case of <u>Skilling v. United States</u>, 561 U.S. 358, 130 S.Ct. 2896 (2010), limited for the first time the scope of what constituted honest services fraud.

15. That the United States District Court for the Southern District of Georgia denied that petition and affirmed the Magistrate Judge's decision on January

24, 2012 in the case of <u>Fordham v. United States</u>, 2012 WL 527414 (S.D. Ga. Jan. 24, 2012), which was in part based upon the judicially created doctrine of procedural default, which order was affirmed by the Eleventh Circuit Court of Appeals on January 31, 2013 in <u>Fordham v. United States</u>, 706 F.3d 1345 (11th Cir. 2013).

16.     That following John Duncan Fordham's release from incarceration, he began making monthly payments to the United States District Court for the Southern District of Georgia.

17.     That those funds, together with monies received from the seizure and sale of assets following his conviction, were paid either to the Georgia Department of Administrative Services and to Great American Insurance Company, all as set forth by the order of this Court, entered on November 15, 2005, Exhibit A.

18.     That on January 19, 2021, the President of the United States of America, the Honorable Donald J. Trump issued to Plaintiff Fordham a full and unconditional pardon, a copy of which is attached hereto as Exhibit C.

19.     That the pardon by President Trump was based upon a request by Plaintiff Fordham set forth in the letter attached hereto as Exhibit D, which letter raised the issues set forth in the <u>Skilling</u> decision.

20.     That Plaintiff Fordham has demanded of the United States Attorney's Office that an accounting be provided of exactly what monies were paid by him and what disbursements were made as a result thereof.

21. That the United States District Court for the Southern District of Georgia, pursuant to a motion filed by Plaintiff Fordham for an accounting of all funds collected, entered an Order on June 30, 2022 granting Fordham's Motion for an Accounting, and designated Ms. Erica Thornton of the Savannah Divisions of the Clerk's Office of the United States District Court for the purpose of responding to the appropriate inquiry made and ordered that the United States of America make available to the Assistant United States Attorney, Xavier Cunningham, all records, including but not limited to letters, emails, reports, checks that reflect the collection and disbursement of Fordham's restitution payments, as shown by Exhibit E attached hereto.

22. That pursuant to the June 30, 2022 Order, Ms. Erica Thornton has cooperated fully, along with the assistance of Ms. Mary Susan Robichau, Assistant United States Attorney, and in a series of emails and correspondence reported as of August 19, 2022 as follows:

    a. $45,979.29 in restitution paid in monthly payments by Plaintiff Fordham to the Clerk of the United States District Court for the Southern District of Georgia;

    b. Additional funds from the sale of Plaintiff Fordham's assets which total $485,822.07.

(All as shown by Exhibit F.)

23. That Plaintiff Fordham has demanded return of the funds paid to the Georgia Department of Administrative Services and Great American Insurance Company prior to the filing of this action.

24. That from the documents produced by the Clerk of this Court and the United States Attorney's Office, $259,287.40 was paid to the Georgia Department of Administrative Services from funds paid by Plaintiff Fordham and $272,513.96 has been paid to Great American Insurance Company.

25. That Plaintiff Fordham is entitled to a judgment against the Georgia Department of Administrative Services and Great American Insurance Company for the return of monies paid to each which total $531,801.36, plus interest on said sum during the periods of time that each of the Defendants have held the respective amounts received by them.

26. That the cause of action being brought herein for recovery of these funds is based upon provisions of the United States Constitution.

27. That this right of action did not accrue until January 19, 2020 when President Donald J. Trump granted a pardon to Plaintiff Fordham, and he is entitled to the return of funds under the terms and provisions of said pardon in that he received a full and unconditional pardon as permitted by the Constitution of the United States of America.

28. That this cause of action arises under the Constitution of the United States of America.

WHEREFORE, Plaintiff Fordham prays that he have judgment against the Georgia Department of Administrative Service and Great American Insurance Company in the sum of $531,801.36, plus interest.

Respectfully submitted, this 7th day of September, 2022.

                                          _/s/*John B. Long*_____
                                          JOHN B. LONG, ESQ.
                                          Georgia State Bar No. 457200

                                          THOMAS W. TUCKER, ESQ.
                                          Georgia State Bar No. 717975

TUCKER LONG, P.C.
P. O. BOX 2426
453 GREENE STREET
AUGUSTA, GA 30903
(706) 722-0771
ttucker@tuckerlong.com
jlong@tuckerlong.com