IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 104-051-03 |
| | * | |
| JOHN DUNCAN FORDHAM | * | |

O R D E R

On September 15, 2005, Defendant John Duncan Fordham was convicted by a jury for his role in a health care fraud scheme. The Court sentenced Fordham to serve 52 months imprisonment followed by three years of supervised release. He was ordered to pay a $100 special assessment and $1,021,888.00 in restitution, jointly and severally with co-defendants, to two victims: Department of Administrative Services and Great American Insurance Company. The records of the Clerk of Court reflect that there is an outstanding balance of $370,870.73 due and owing in restitution.

On January 19, 2020, Fordham was granted a full and unconditional presidential pardon. In July 2021, Fordham's attorney, Mr. Jack B. Long, Esq., sought from the United States Attorney's Office an accounting of all funds collected from Fordham and disposition made thereof with respect to restitution since his conviction. (See Def.'s Reply, Doc. No. 450, Ex. A.) The United States Attorney's Office did not respond. Consequently, Fordham



filed the present motion under consideration – a motion for "An Accounting by the United States of America for all Funds that have been Collected from John Duncan Fordham or Duncan Drugs." (Doc. No. 444.)

The Government understandably interpreted the motion as one seeking not only an accounting, but also a reimbursement of all restitution funds paid by either Fordham or his business Duncan Drugs. (See Def.'s Mot. ¶ 9 ("That under the Presidential Pardon granted to Fordham, he is entitled to the return of all monies . . . .").  The Government opposed the return of any money to Fordham; it also deflected any responsibility (or willingness) to make an accounting of the restitution monies to the Clerk of Court for the Southern District of Georgia.  In reply, Fordham represents that he is not seeking the return of any funds through the present motion.  Rather, "[t]he issue before the Court is getting an accounting, that is, knowing exactly what funds have been received from the sale of Fordham's property, what funds were paid by Fordham, and to whom the Government disbursed those funds." (Def.'s Reply at 5.)  Upon due consideration, the Court fully agrees that Fordham is entitled to the requested accounting.

**IT IS THEREFORE ORDERED** that the motion for an accounting (doc. no. 444) is **GRANTED**.  The responsibility for ensuring that Defendant Fordham receives the most accurate and complete understanding of restitution collection and disbursement falls

2

upon both the Clerk of Court and the United States Attorney. First, the Clerk of Court is hereby **ORDERED** to make available to Mr. Long a case report and any supporting documentation in the matter. The Clerk of Court shall designate **Ms. Erika Thornton** of the Savannah Division (912-650-4027) for this purpose and to respond to any appropriate inquiries made by Mr. Long. Second, the United States Attorney is hereby **ORDERED** to make available to Mr. Long, through **Assistant United States Attorney Xavier Cunningham**, any and all records, including but not limited to letters, emails, reports, and checks, that reflect the collection and disbursement of Fordham's restitution payments. In the event that Mr. Long is dissatisfied with the efforts of these offices, he may petition the Court for a hearing.

Finally, because a pardon reaches the punishment prescribed for an offense, **IT IS ORDERED** that Defendant Fordham is hereby relieved of any further obligation to pay any remaining restitution obligation. See Ex parte Garland, 71 U.S. 333, 334 (1866) (stating that if a pardon is granted after conviction, "it removes the penalties and disabilities and restores [the defendant] to all his civil rights").

**ORDER ENTERED** at Augusta, Georgia, this 30th day of June, 2022.

UNITED STATES DISTRICT JUDGE