IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2023 MAR 23 P 3: 17

CLERK
SO. DIST. OF GA.

JOHN DUNCAN FORDHAM,          *
                             *
        Plaintiff,           *
                             *        CV 122-121
        v.                   *
                             *
GEORGIA DEPARTMENT OF        *
ADMINISTRATIVE SERVICES and  *
GREAT AMERICAN INSURANCE     *
COMPANY,                     *
                             *
        Defendants.          *

## O R D E R

On September 8, 2022, Plaintiff John Duncan Fordham filed a Complaint seeking to recover monies that have been paid to Defendants Georgia Department of Administrative Services ("DOAS") and Great American Insurance Company ("Great American") as victims of honest services fraud for which Plaintiff was convicted. Defendants have filed separate motions to dismiss the Complaint. The matter has been fully briefed and is ripe for adjudication. Upon the relevant law, the Court dismisses this lawsuit.

## I.   BACKGROUND

On May 5, 2005, a jury convicted Plaintiff for honest services fraud in this Court in the case of United States v. Williams, Case No. CR 104-051 (S.D. Ga. May 26, 2004).  Plaintiff was sentenced

to serve 52 months imprisonment and to pay $1,021,888 in restitution. (CR 104-051, Doc. No. 254.) Following the conviction, the Court entered a Final Order of Forfeiture, in which Plaintiff and his business, Fordham, Inc., forfeited $500,000, with each being jointly and severally liable for that amount. (Compl., Doc. No. 1, Ex. A.) Relevant here, the Court also entered an Order finding Defendants DOAS and Great American to be co-victims entitled to restitution from the criminal defendants in the case, including Plaintiff and his business, Fordham, Inc. (Id., Ex. B.) Plaintiff paid through monthly payments and with monies received from the seizure and sale of his assets following his conviction the following: $259,287.40 to DOAS and $272,513.96 to Great American. (Id. ¶ 24.)

On January 19, 2021, the President of the United States issued a full and unconditional pardon to Plaintiff. (Id., Ex. C.) Based upon this pardon, Plaintiff demanded return of the funds paid to Defendants DOAS and Great American prior to filing this lawsuit. (Id. ¶ 23.) On September 8, 2022, Plaintiff filed this action for recovery of the funds "upon provisions of the United States Constitution." (Id. ¶ 26.)

## II.  ANALYSIS

Defendant DOAS seeks to dismiss the lawsuit based upon Eleventh Amendment immunity, lack of subject matter jurisdiction,

2

and for failure to state a claim upon which relief can be granted. Defendant Great American seeks to dismiss the lawsuit for failure to state a claim upon which relief can be granted.

A district court must first ensure that it has subject matter jurisdiction over a case.   District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331.   In this case, Plaintiff asserts federal question jurisdiction by generally stating that his cause of action to recover the subject monies "arises under the Constitution of the United States of America."[1]

In order to bring a case under § 1331 based upon the Constitution, a right or immunity created by the Constitution must be an element of the plaintiff's cause of action.  See, e.g., Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936).   In response to Defendant DOAS's motion to dismiss, Plaintiff identifies the presidential pardon provision of the Constitution as the basis of his constitutional claim.  See U.S. Const., art. II, § 2, cl. 1 ("The President . . . shall have Power to grant Reprieves and Pardons for Offenses against the United States . . . .").

For present purposes, the Court will accept that Plaintiff's cause of action for the recovery of monies paid as a result of a

_____

[1] There is no assertion of subject matter jurisdiction based upon diversity.

3

pardoned conviction either seeks to vindicate a right bestowed by the presidential pardon provision or requires the Court to construe that provision to determine the claim's validity. Nevertheless, the Court lacks jurisdiction because Plaintiff's complaint does not present a "substantial" question of federal law. See, e.g., Ex parte Poresky, 290 U.S. 30, 31 (1933) ("In the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented."). The United States Supreme Court has explained that a case must be dismissed if the federal claim asserted is "'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy.'" Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974)); see also Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 106 (1933). As the Eleventh Circuit has explained: "A federal court will not have jurisdiction over a federal question that is 'plainly unsubstantial either because [it is] obviously without merit, or "because its unsoundness so clearly results from the previous decisions of [the Supreme Court] as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.'" Harris v. BlueCross/Blue Shield of Ala., Inc.,

951 F.2d 325, 327 (11th Cir. 1992) (quoting Levering, 289 U.S. at 106).

Regarding the claim in this case, the United States Supreme Court has clearly foreclosed the notion that a presidential pardon can interfere with the vested property rights of third parties. See Knote v. United States, 95 U.S. 149, 154 (1877) ("Neither does the pardon affect any rights which have vested in others directly by the execution of the judgment for the offence, or which have been acquired by others whilst that judgment was in force."); Ex parte Garland, 71 U.S. 333, 381 (1866) ("There is only this limitation to [the pardon power's] operation:  it does not restore offices forfeited, or property or interests vested in others in consequence of the conviction and judgment."); see also Osborn v. United States, 91 U.S. 474, 477 (1875) (explaining that the effect of a pardon is to restore to its recipient all rights of property lost by the offense pardoned unless the property, by judicial process, becomes vested in other persons).  The Court cannot avoid the collective force of Supreme Court precedent.  Accordingly, Plaintiff's claim to recover monies vested in Defendants DOAS and Great American is so obviously without merit that it does not present a substantial federal question capable of conferring

federal question jurisdiction. This case therefore must be dismissed for lack of subject matter jurisdiction.[2]

### III. CONCLUSION

Upon the foregoing, the case is dismissed for lack of subject matter jurisdiction. The Clerk is directed to **CLOSE** the case and **TERMINATE** all motions and deadlines.

**ORDER ENTERED** at Augusta, Georgia this 23rd day of March, 2023.

_____
UNITED STATES DISTRICT JUDGE

---

[2] This jurisdictional holding seems to conflate an inquiry into the merits of Plaintiff's claim, an aspect of federal question jurisdiction recognized in 13 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, Federal Practice and Procedure, § 3522 (3d ed. 2008). To be sure, had the Court jurisdiction over the matter, the case would be dismissed for failure to state a claim upon which relief can be granted under the same legal precedent outlined above.