[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11214

Non-Argument Calendar

_____

JOHN DUNCAN FORDHAM,

Plaintiff-Appellant,

*versus*

GEORGIA DEPARTMENT OF ADMINISTRATIVE SERVICES,

GREAT AMERICAN INSURANCE COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:22-cv-00121-DHB-BKE

———————————————

Before ROSENBAUM, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

After a jury convicted John Duncan Fordham of healthcare fraud, the district court imposed a prison sentence and ordered him to pay, jointly and severally with his codefendants, over one million dollars in restitution to the Georgia Department of Administrative Services and Great American Insurance Company. More than a decade after his conviction, President Trump granted Fordham a full and unconditional pardon. Fordham now seeks reimbursement of the restitution payments he made before his pardon, arguing that his presidential pardon requires the Department and Great American to refund his money. We disagree and affirm the district court's dismissal of his claim.

## I.

The seeds of this controversy were sown when a jury convicted Fordham of one count of healthcare fraud, in violation of 18 U.S.C. § 1347. The district court sentenced Fordham to fifty-two months' imprisonment and three years of supervised release. Relevant here, it also ordered Fordham, jointly and severally with his codefendants, to pay $1,021,888 in restitution to the Department and its insurer, Great American, the victims of Fordham's artifice. After ordering the seizure and liquidation of Fordham's assets, the district court disbursed the resulting proceeds to the Department

and Great American. Fordham also made monthly restitution payments following his incarceration, as required by the district court.

More than fifteen years after his conviction, President Trump granted Fordham a full and unconditional pardon. With pardon in hand, Fordham moved for an accounting of all his restitution payments, which the district court granted. The district court also relieved Fordham of any additional restitution obligation.

Fordham then sued for a return of all past restitution payments to the Department and Great American, which totaled over five hundred thousand dollars, alleging that his presidential pardon entitled him to such relief. The district court dismissed the claim for lack of subject-matter jurisdiction or, in the alternative, failure to state a claim. Fordham timely appealed.

## II.

We review questions of subject-matter jurisdiction *de novo*. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). A district court's dismissal for failure to state a claim also receives *de novo* review. *Luke v. Galley*, 975 F.3d 1140, 1143 (11th Cir. 2020). And we may affirm on any basis supported by the record, "even if not relied upon by the district court." *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012) (quoting *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008)).

## III.

Fordham argues that the full and unconditional pardon from President Trump compels the Department and Great American to refund all restitution payments. The district court resolved this case primarily through the lens of subject-matter jurisdiction, but we believe the better approach is to ask whether Fordham has stated a plausible claim for relief. We start by sketching the Rule 12(b)(6) standard and then turn to Fordham's argument.

*A.*

The Federal Rules of Civil Procedure require that a plaintiff must "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) applies in tandem with Rule 8, which requires a claim for relief to include "a short and plain statement . . . showing that the pleader is entitled to relief." *Id.* 8(a)(2). The complaint must state a claim to relief that is more than conceivable—it must be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, a facially sufficient complaint presupposes "*some* viable legal theory" for relief. *Id.* at 562 (quoting *Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "[A] formulaic recitation of the elements of a cause of action will not" suffice. *Id.* at 555. In short, if a complaint does not provide legal grounds for entitlement to relief, a court must dismiss. *See id.* at 555. And "the tenet that . . . [we] must accept as true all of the allegations contained in a complaint is inapplicable to *legal conclusions*." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added).

With these principles in mind, we address Fordham's argument.

*B.*

Fordham posits that a presidential pardon is much more than a badge of forgiveness. Rather, a presidential pardon, he asserts, entitles its recipient to recoup property that has vested in third parties. We disagree.

The Constitution provides that the President "shall have Power to grant Reprieves and Pardons for Offences against the United States, except in Cases of Impeachment." U.S. Const., art. II, § 2, cl. 1. The pardon power gives the President "plenary authority . . . to 'forgive' the convicted person in part or entirely, to reduce" a prison sentence, or to amend a penalty "with conditions which are in themselves constitutionally unobjectionable." *Schick v. Reed*, 419 U.S. 256, 266 (1974). "The pardon . . . shuts out from sight the offending act." *Young v. United States*, 97 U.S. 39, 66 (1877). A full pardon "releases the punishment and blots out of existence the guilt," rendering the offender innocent "in the eye of the law." *Ex parte Garland*, 71 U.S. (4 Wall.) 333, 380 (1866). But a pardon does not affect any property rights "vested in others directly by the execution of the judgment for the offence, or which have been acquired by others whilst that judgment was in force." *Knote v. United States*, 95 U.S. 149, 154 (1877). Though a pardon "releases the offender from the consequences of his offence," including asset forfeiture, that release must not impair the accrued property rights of others. *See Osborn v. United States*, 91 U.S. 474, 477 (1875). In this sense, the only limitation on the presidential pardon is that it does not reinstate "offices forfeited, or property or interests vested in

others in consequence of the conviction and judgment." *Garland*, 71 U.S. at 381.

Everyone agrees that the district court has already distributed to the Department and Great American the proceeds from the sale of Fordham's assets and the monthly restitution payments. And the financial administrator for the district court confirmed as much, stating that all restitution payments "have been sent out the to the victims, Department of Administrative Service and Great American Insurance."

No doubt, the Supreme Court has long held that, as long as proceeds from a restitution order remain in the court's possession, they fall within a pardon's grasp. *See Osborn*, 91 U.S. at 476; *cf. Knote*, 95 U.S. at 154 (holding that forfeited property does not vest when it "remain[s] under control of the Executive, or of officers subject to his orders, or . . . in the custody of the judicial tribunals" and "will be restored . . . to the original owner, upon his full pardon"). Thus, the district court properly concluded that Fordham's pardon discharged his obligation to make *future* restitution payments. But the federal "government can only release what it holds," *Osborn*, 91 U.S. at 477, and here, it holds nothing. The district court transferred all restitution monies to the victims, so the property rights to those funds have fully vested in the Department and Great American. *See Knote*, 95 U.S. at 154 (holding that, when monetary proceeds "have been paid to a party to whom the law has assigned them," the party's "rights . . . have become vested, and are as complete as if they were acquired in any other legal way"). In short, the money

23-11214                    Opinion of the Court                    7

Fordham seeks is long gone. Allowing him to claw back past resti-
tution payments under guise of a presidential pardon would impair
the Department and Great American's accrued property rights in
that money, an outcome plainly proscribed by the Supreme Court.
*See Osborn*, 91 U.S. at 476; *Garland*, 71 U.S. at 381.

Fordham's claim that his presidential pardon entitles him to
a refund of money vested in the Department and Great American
directly contradicts Supreme Court precedent. Accordingly, his
complaint did not advance any viable legal theory or a plausible
basis for relief, and the district court correctly dismissed it. *See
Twombly*, 550 U.S. at 562, 570; Fed. R. Civ. P. 12(b)(6).

**IV.**

The district court is **AFFIRMED**.

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 06, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  23-11214-H
Case Style:  John Fordham v. Georgia Department of Administrative Services, et al
District Court Docket No:  1:22-cv-00121-DHB-BKE

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, <u>costs taxed against appellant</u>.

Please use the most recent version of the Bill of Costs form available on the court's website at <u>www.ca11.uscourts.gov.</u>

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1A Issuance of Opinion With Costs